Ezekiel R. Dumke IV (SBN 259407)
560 E. 500 S. Ste. 200
Salt Lake City, Utah 84106
(801) 990-2776
(801) 990-4601 fax
edumke@dumkelaw.com

*Attorney for Defendants*
Phillip M. Adams & Associates, LLC,
AFTG-TG, LLC, and Phillip M. Adams

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASUSTeK COMPUTER INC., et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>AFTG-TG, LLC, et al.,<br><br>   Defendants. | Case No. 5:11-cv-00192 EJD<br><br>**DEFENDANT'S<br>MOTION FOR LEAVE TO FILE<br>MOTION FOR RECONSIDERATION** |

Defendants AFTG-TG, LLC, et al., respectfully request that the Court grant Defendants leave to file a motion for reconsideration of their May 12, 2011 MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY. Docket Item No. 28. On December 29, 2011, the Court issued an interlocutory ORDER (1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS, (2) DENYING DEFENDANTS' MOTION TO TRANSFER; AND (3) DENYING DEFENDANTS' MOTION TO STAY. Docket Item No. 37.

Pursuant to Civil L.R. 7-9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." The ORDER is interlocutory because it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"

and "does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b). Therefore, the ORDER "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

A. **The forthcoming opinion of the Federal Circuit regarding the issue of personal jurisdiction in Wyoming is a new material fact occurring after the time of the order.**

The party requesting leave to file a motion for reconsideration may show "the emergence of new material facts or a change of law occurring after the time of such order." Civil L.R. 7-9(b)(2). On January 9, 2012, the Federal Circuit heard oral argument from the parties in this case regarding the issue of whether Plaintiffs are subject to personal jurisdiction in Wyoming. This fact emerged after the December 29 ORDER. Defendants expect a quick disposition in the Federal Circuit and, if granted leave, will request this Court reconsider Defendants' request to stay the proceeding pending the forthcoming opinion of the Federal Circuit.

A stayed proceeding is justified in this case because should the Federal Circuit rule in Defendants' favor the opinion will clarify the law regarding personal jurisdiction in patent related cases and will become relevant to this Court's adjudication of Defendants' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY.

Furthermore, should the Federal Circuit remand the Wyoming action, the parties would find themselves in a situation of litigating parallel proceedings. With the ruling from the Federal Circuit anticipated shortly, , a stay would not prejudice Plaintiffs.

During oral argument before the Federal Circuit, Defendants further supported the factors of *Standard Havens* in determining whether to grant stay pending appeal. (*Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990)) Under the *Standard Havens* factors 1) Defendants interactions and briefings with the Federal Circuit made a strong showing that *Beverly Hills Fan* is still controlling precedent, and that the ASUS entities are subject to the jurisdiction in Wyoming for knowingly shipping products to Wyoming; 2) if Defendants are forced to move forward with briefing in California, while Plaintiffs should have been subject to the jurisdiction of Wyoming, Defendants will be irreparably injured by effectively losing their choice of forum; 3) Plaintiffs will not be prejudiced as the Federal Circuit opinion is expected shortly, and deny of the stay was only recently

issued; and, 4) as mentioned above, it is in the public interest to prevent parallel actions, and the granting of a stay will allow the Courts to resolve any parallel litigation issues.

**B.   Conclusion**

Due to the forthcoming opinion from the Federal Circuit regarding personal jurisdiction in Wyoming, Defendants request leave of court to file a motion to reconsider the December 29 ORDER. Specifically, Defendants, if granted leave, will request they be granted a stay of proceeding for the duration of the pending disposition in the Federal Circuit. Should the Federal Circuit rule in Defendants' favor, Defendants will request that the Court reconsider the issues of personal jurisdiction and transfer in light of new Federal Circuit opinion.

Dated: January 26, 2012                          DUMKE LAW, LLP

                                                                         /s/ Ezekiel R. Dumke IV

Attorney for Defendants
Phillip M. Adams & Associate, L.L.C., AFTG-TG, L.L.C. and Dr. Phillip M. Adams