Ezekiel R. Dumke IV (SBN 259407)
560 E. 500 S. Ste. 200
Salt Lake City, Utah 84106
(801) 935-4929
(801) 990-4601 fax
edumke@dumkelaw.com

*Attorney for Defendants*
Phillip M. Adams & Associates, LLC,
AFTG-TG, LLC, and Phillip M. Adams

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

| | |
|---|---|
| ASUSTeK COMPUTER INC., et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>AFTG-TG, LLC, et al.,<br><br>   Defendants. | Case No. 5:11-cv-00192 EJD<br><br>**DEFENDANTS'**<br>**MOTION FOR RECONSIDERATION**<br><br>DATE: June 15, 2012<br>TIME: 9:00 AM<br>COURTROOM: 4 - 5th Floor<br>JUDGE: Honorable Edward J. Davila |

Defendants AFTG-TG, LLC, et al., submit their motion for reconsideration of the May 12, 2011, MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STAY OR MOTION TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF WYOMING. (Dkt. Item No. 24.) A motion hearing is scheduled for June 15, 2012 at 9:00 AM.

On February 2, 2012, the Court granted Defendants' MOTION FOR LEAVE TO FILE MOTION FOR CONSIDERATION. (Dkt. Item No. 41.) Therefore, Defendants request the Court reconsider Defendants' MOTION and, at a minimum, grant a stay pending the forthcoming opinion from the Federal Circuit regarding all parties in this case.

**POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION**

Defendants request the Court reconsider staying the proceeding because it would be duplicitous, inconvenient, and a waste of court resources for these proceedings to remain afoot before the Federal Circuit's forthcoming opinion regarding whether Plaintiffs are subject to personal jurisdiction in

Wyoming on claims regarding essentially the same subject matter. AFTG-TG V. WINBOND, 2011-1307.

At approximately the time when Defendants filed their motion to dismiss, transfer, or stay in March of last year, an appeal was also filed in the Federal Circuit Court regarding the Wyoming District court's decision to not exercise personal jurisdiction over Plaintiffs. Earlier this year, the Federal Circuit heard oral argument and an opinion is expected shortly. The Federal Circuit's decision may clarify precedent on the issue of personal jurisdiction and substantially affect the parties' rights to litigate in California. Therefore, a stay of proceeding while the Federal Circuit makes its decision is appropriate

**Standards for motions for reconsideration.**

A motion for reconsideration is not expressly authorized by the Federal Rules of Civil Procedure. However, case law has held that a "district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). An order is interlocutory when it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and, therefore, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* Fed. R. Civ. P. 54(b).

In the Ninth Circuit, a motion for reconsideration is justified where there is (1) newly discovered evidence; (2) clear error in the district court's understanding of the facts or application of the law; or (3) an intervening change in the controlling law. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).Within the Northern District of California, Civil L.R. 7-18 further specifies that no party may notice a motion for reconsideration without first obtaining leave of court to file the motion, which Defendants were granted on February 2, 2012. *See* Dkt. Item No. 41. In order to be granted leave, a party must show "the emergence of new material facts or a change of law occurring after the time of such order." Civil L.R. 7-9(b)(2).

**The forthcoming opinion of the Federal Circuit regarding the issue of personal jurisdiction in Wyoming is a new material fact occurring after the time of the order.**

On January 9, 2012, the Federal Circuit heard oral argument from the parties in this case regarding the issue of whether Plaintiffs are subject to personal jurisdiction in Wyoming. This fact emerged after the December 29 ORDER. Defendants expect a quick disposition in the Federal Circuit.

A stayed proceeding is justified in this case because, if the Federal Circuit rule in Defendants' favor, the opinion will clarify the law regarding personal jurisdiction in patent related cases and will become relevant to this Court's adjudication of Defendants' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY. Furthermore, should the Federal Circuit remand the Wyoming action, the parties would find themselves litigating parallel proceedings. With the ruling from the Federal Circuit anticipated shortly, a stay would not prejudice Plaintiffs.

During oral argument before the Federal Circuit, Defendants further supported the factors of *Standard Havens* in determining whether to grant stay pending appeal. *Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990). Under the *Standard Havens* factors (1) Defendants interactions and briefings with the Federal Circuit made a strong showing that *Beverly Hills Fan* is still controlling precedent, and that the ASUS entities are subject to the jurisdiction in Wyoming for knowingly shipping products to Wyoming; (2) if Defendants are forced to move forward with briefing in California while Plaintiffs should have been subject to the jurisdiction of Wyoming, Defendants will be irreparably injured by effectively losing their choice of forum; (3) Plaintiffs will not be prejudiced as the Federal Circuit opinion is expected shortly, and deny of the stay was only recently issued; and, (4) as mentioned above, it is in the public interest to prevent parallel actions, and the granting of a stay will allow the Courts to resolve any parallel litigation issues.

**Conclusion**

Due to the forthcoming opinion from the Federal Circuit regarding personal jurisdiction in Wyoming, Defendants request the court reconsider the December 29 ORDER. Should the Federal Circuit rule in Defendants' favor, Defendants will request that the Court reconsider the issues of personal jurisdiction in light of new Federal Circuit opinion.

Dated: February 21, 2012

                                                      /s/ Ezekiel R. Dumke IV

Attorney for Defendants
Phillip M. Adams & Associate, L.L.C., AFTG-TG, L.L.C. and Dr. Phillip M. Adams